## UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **Jennifer Green,** | |
| Plaintiff, | Case No. |
| v. | |
| **Ox Car Care, Inc.,** | Complaint and Demand for Jury Trial |
| Defendant. | |

## COMPLAINT

**Jennifer Green** (Plaintiff), by and through her attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Ox Car Care, Inc.** (Defendant):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227 *et seq*.

### JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over this case under 28 U.S.C. §1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States, confirmed as applying to cases under the TCPA by <u>Mims v. Arrow Financial Services, LLC</u>, 565 U.S. 368 (2012).

3. This Court has personal jurisdiction over Defendant because Defendant conducts business in the State of Texas.

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Watauga, Texas 76148.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a business entity with headquarters, principal place of business or otherwise valid mailing address located at 18012 Cowan, Suite 100, Irvine, California 92612.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this phone number as a cellular telephone.

12. Defendant repeatedly called Plaintiff on her cellular telephone for solicitation purposes.

13. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

14. Plaintiff knew Defendant was calling her using an automatic telephone dialing system and automatic and/or pre-recorded messages as she received calls from Defendant that began with a noticeable pause or delay prior to a live representative of Defendant coming on the line.

15. Defendant's calls were not made for "emergency purposes" rather the calls were made for solicitation purposes.

16. Plaintiff has been on the Do Not Call Registry since May 18, 2010.

17. Upon the initiation of calls or shortly thereafter, Plaintiff declined the services that Defendant had been offering and demanded that they stop calling her cellular telephone.

18. Defendant heard and acknowledged Plaintiff's instruction to stop calling.

19. Once Defendant was informed that its calls were unwanted and that Plaintiff wanted Defendant to stop placing calls to her cellular telephone, its continued calls could have served no lawful purpose.

20. Despite Plaintiff's clear demand to refrain from contacting her, Defendant persisted in calling Plaintiff repeatedly.

21. Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure.

## COUNT I
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(B)

22. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

23. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

23. Defendant initiated multiple telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system.

23. Defendant's calls were not made for "emergency purposes."

24. Defendant's calls to Plaintiff's cellular telephone without any prior express consent.

25. Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since May 18, 2010.

26. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

27. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

28. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUN T II
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(C)

29. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

30. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered her or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

31. Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since May 18, 2010.

32. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

33. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

34. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT III
## DEFEDANT VIOLATED THE TSR

35. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

36. The TSR prohibits telemarketers from initiating any outbound telephone call to a person when that person's telephone number is on the "do not call" registry, maintained by the Commission, of persons who do not wish to receive outbound telephone calls to induce the purchase of goods or services. 16 C.F.R. § 310.4(b)(1)(iii)(B).

37. Plaintiff has been on the Do Not Call Registry since December 15, 2004.

38. Since Plaintiff was on the Do Not Call Registry at the time Defendant placed calls to her, Defendant has violated the TSR.

WHEREFORE, Plaintiff, JENNIFER GREEN, respectfully prays for a judgment as follows:

   a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A)) and 15 U.S.C.A. § 6104(a) for damages under 16 C.F.R. § 310.4(b)(1)(iii)(B);

   b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

    c.    Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

    d.    Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

    e.    Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

    f.    Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c); and

    g.    Any other relief this Honorable Court deems appropriate.

### Demand for Jury Trial

**Please take notice** that Plaintiff, **JENNIFER GREEN**, demands a jury trial in this case.

Respectfully submitted,

Dated: 07/10/2020

By: *s/ Amy L. B.Ginsburg*
Amy L. B.Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: aginsburg@creditlaw.com