IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JENNIFER GREEN,<br><br>      Plaintiff,<br><br>v.<br><br>OX CAR CARE, INC.,<br><br>      Defendant. | Case No. 4:20-CV-00708-O |

## DEFENDANT'S ORIGINAL ANSWER

Defendant Ox Car Care, Inc. ("Ox Car"), through its undersigned counsel, hereby answers the *Complaint* [ECF No. 1] filed by Plaintiff Jennifer Green.

Any allegation not explicitly admitted is denied. Ox Car does not, by noting or admitting that the Complaint purports to characterize or quote particular documents, admit the truth of any assertion in the referenced document. Moreover, headings and footnotes contained within the Complaint are not substantive allegations to which an answer is required. To the extent headings are substantive allegations to which an answer is required, Ox Car denies the allegations. To the extent footnotes in the Complaint are deemed to be substantive allegations, then the response to the paragraph in which the footnote is found is Ox Car's response to the footnote as well. In answer to the Complaint, Ox Car state as follows:

### INTRODUCTION

1. To the extent that the allegations in Paragraph 1 are legal conclusions, no responsive pleading is required. To the extent an answer is required, Ox Car admits that this is a civil action

in which Green purports to allege claims based on the Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 3, 105 Stat. 2394, 2395–2402 (codified as amended at 47 U.S.C. §§ 152(b), 227) (the "TCPA"). Except as expressly admitted, Ox Car denies all remaining allegations in Paragraph 1.

## JURISDICTION & VENUE

2. The allegations in Paragraph 2 purport to state legal conclusions to which no responsive pleading is required. To the extent a response is required, Ox Car denies the allegations in Paragraph 2, except admits that Green purports to base subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

3. The allegations in Paragraph 3 purport to state legal conclusions to which no responsive pleading is required. To the extent a response is required, Ox Car denies the allegations in Paragraph 3 and expressly denies that this Court may exercise personal jurisdiction over Ox Car.

4. The allegations in Paragraph 4 purport to state legal conclusions to which no responsive pleading is required. To the extent a response is required, Ox Car denies the allegations in Paragraph 2 and expressly denies that venue in this District is Venue is proper under 28 U.S.C. § 1391(b)(2) or the most convenient forum.

## PARTIES

5. Ox Car is without sufficient information or knowledge at this time to admit or deny the allegations set forth in Paragraph 5 and, on that basis, denies such allegations.

6. The allegations in Paragraph 6 purport to state legal conclusions to which no responsive pleading is required. To the extent a response is required, Ox Car denies the allegations in Paragraph 6.

7.      Ox Car denies the allegations in Paragraph 7, except admits that "Defendant is a business entity" and that "Defendant . . . [has a] principal place of business" in "California."

8.      The allegations in Paragraph 8 purport to state legal conclusions to which no responsive pleading is required. To the extent a response is required, Ox Car denies the allegations in Paragraph 8.

9.      The allegations in Paragraph 9 purport to state legal conclusions to which no responsive pleading is required. To the extent a response is required, Ox Car is without sufficient information or knowledge at this time to admit or deny the allegations set forth in Paragraph 9 and, on that basis, denies such allegations.

## Factual Allegations

10.     Ox Car is without sufficient information or knowledge at this time to admit or deny the allegations set forth in Paragraph 10 and, on that basis, denies these allegations.

11.     Ox Car is without sufficient information or knowledge at this time to admit or deny the allegations set forth in Paragraph 11 and, on that basis, denies these allegations.

12.     Ox Car denies the allegations in Paragraph 12.

13.     Ox Car denies the allegations in Paragraph 13.

14.     Ox Car is without sufficient information or knowledge at this time to admit or deny the allegations set forth in Paragraph 14 and, on that basis, denies these allegations.

15.     The allegations in Paragraph 15 purport to state legal conclusions to which no responsive pleading is required. To the extent a response is required, Ox Car denies the allegations in Paragraph 15.

16.     The allegations in Paragraph 16 purport to state legal conclusions to which no responsive pleading is required. To the extent a response is required, Ox Car is without sufficient

information or knowledge at this time to admit or deny the allegations set forth in Paragraph 16 because the averment that "Plaintiff has been on the Do Not Call Registry since May 18, 2010" is vague and ambiguous and, on that basis, denies these allegations.

17.  Ox Car is without sufficient information or knowledge at this time to admit or deny the allegations set forth in Paragraph 17 and, on that basis, denies these allegations.

18.  Ox Car is without sufficient information or knowledge at this time to admit or deny the allegations set forth in Paragraph 18 and, on that basis, denies these allegations.

19.  Ox Car denies the allegations in Paragraph 19.

20.  Ox Car is without sufficient information or knowledge at this time to admit or deny the allegations set forth in Paragraph 20 and, on that basis, denies these allegations.

21.  Ox Car is without sufficient information or knowledge at this time to admit or deny the allegations set forth in Paragraph 21 and, on that basis, denies these allegations.

COUNT I
For [Alleged] Violations of the TCPA
(47 U.S.C. § 227(B))

22.  Ox Car repeats its answers to Paragraphs 1 through 21 as if fully set forth herein.

23.  The allegations in Paragraphs 23[1] purport to state legal conclusions to which no responsive pleading is required.  To the extent a response is required, Ox Car denies the allegations in Paragraphs 23.

24.  Ox Car denies the allegations in Paragraph 24.

---

[1] Following Paragraph 23 in the Complaint, the two paragraphs are also numbered Paragraph 23 but should be Paragraphs 24 and 25.  As such, Ox Car's answer in Paragraph 23 above constitutes its answer to all of the allegations in the Complaint's paragraphs numbered "23."  To the extent a response is required to each of the misnumbered paragraphs, Ox Car denies the allegations.

25. Ox Car is without sufficient information or knowledge at this time to admit or deny the allegations set forth in Paragraph 25 because the averment that "Plaintiff has been on the Do Not Call Registry since May 18, 2010" is vague and ambiguous and, on that basis, denies these allegations.

26. Ox Car denies the allegations in Paragraph 26.

27. Ox Car denies the allegations in Paragraph 27.

28. Ox Car denies the allegations in Paragraph 28.

**COUNT II**
**For [Alleged] Violations of the TCPA**
**(47 U.S.C. § 227(C))**

29. Ox Car repeats its answers to Paragraphs 1 through 28 as if fully set forth herein.

30. The allegations in Paragraph 30 purport to state legal conclusions to which no responsive pleading is required. To the extent a response is required, Ox Car denies the allegations in Paragraph 30.

31. Ox Car is without sufficient information or knowledge at this time to admit or deny the allegations set forth in Paragraph 31 because the averment that "Plaintiff has been on the Do Not Call Registry since May 18, 2010" is vague and ambiguous and, on that basis, denies these allegations.

32. Ox Car denies the allegations in Paragraph 32.

33. Ox Car denies the allegations in Paragraph 33.

34. Ox Car denies the allegations in Paragraph 34.

**COUNT III**
**For [Alleged] Violations of the TSR**

35. Ox Car repeats its answers to Paragraphs 1 through 34 as if fully set forth herein.

36. The allegations in Paragraph 36 purport to state legal conclusions to which no responsive pleading is required. To the extent a response is required, Ox Car denies the allegations in Paragraph 36.

37. Ox Car is without sufficient information or knowledge at this time to admit or deny the allegations set forth in Paragraph 37 because the averment that "Plaintiff has been on the Do Not Call Registry since December 15, 2004" is vague and ambiguous and, on that basis, denies these allegations.

38. Ox Car denies the allegations in Paragraph 38.

The remainder of the Complaint consists of Green's prayer for relief to which no response is required. To the extent a response is required, Ox Car denies that Green is entitled to the relief sought in the Complaint or to any relief whatsoever.

## SEPARATE & ADDITIONAL DEFENSES

Without assuming any burden of proof that it would not otherwise bear, Ox Car also asserts the following additional defenses:

## FIRST SEPARATE & ADDITIONAL DEFENSE

The Court lacks personal jurisdiction over Ox Car because general jurisdiction and specific jurisdiction do not exist over Ox Car, including that the allegations in the Complaint fail to make a *prima facie* showing of a sufficient jurisdictional basis over Ox Car.

## SECOND SEPARATE & ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, because venue is not proper in this District under 28 U.S.C. § 1391, including subsection (b)(2), and/or is not the most convenient forum under 28 U.S.C. § 1404.

### THIRD SEPARATE & ADDITIONAL DEFENSE

Plaintiff's complaint fails to state a claim for relief.

### FOURTH SEPARATE & ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, insofar as Plaintiff lacks standing to assert any or all of the claims alleged in the Complaint, including that Plaintiff has not suffered sufficient actual injury-in-fact for standing under Article III of the U.S. Constitution and/or was not the person in whose name the phone number is registered on the National Do Not Call registry. Further, the allegations in the Complaint fail to make a *prima facie* showing of a sufficient basis for standing to assert the claims alleged in the Complaint.

### FIFTH SEPARATE & ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, insofar as Ox Car did not ratify or approve of any intentional, willful, malicious, fraudulent, or oppressive acts of any of its employees, agents, or independent contractors.

### SIXTH SEPARATE & ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, insofar as Ox Car has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under the TCPA and its implementing regulations.

### SEVENTH SEPARATE & ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, insofar as Plaintiff is not a "residential telephone subscriber" within the meaning of the TCPA and its regulations and/or she did not receive the calls at issue on her "residential" phone line.

**EIGHTH SEPARATE & ADDITIONAL DEFENSE**

Plaintiff's claims are barred, in whole or in part, insofar as Ox Car did not initiate a "telephone solicitation" to Plaintiff.

**NINTH SEPARATE & ADDITIONAL DEFENSE**

Plaintiff's claims are barred, in whole or in part, insofar as Plaintiff—or her agent, sibling, predecessor-in-interest, spouse, relative, friend, or other appropriate person—gave sufficient "prior express consent" or express permission for any calls.

**TENTH SEPARATE & ADDITIONAL DEFENSE**

Plaintiff's claims are barred, in whole or in part, insofar as no calls were made using an "Automatic Telephone Dialing System" within the meaning of the TCPA.

**ELEVENTH SEPARATE & ADDITIONAL DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrines of laches, waiver, estoppel, and/or unclean hands.

**RESERVATION OF RIGHTS**

Because Plaintiff's Complaint is often phrased in conclusory terms, Ox Car cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, Ox Car has done its best to anticipate the possible affirmative defenses consistent with the requirements of Federal Rule of Civil Procedure 8(c). Ox Car reserves the right to assert additional defenses to the extent such defenses are or become applicable.

**PRAYER FOR RELIEF**

For the foregoing reasons, Ox Car respectfully requests that this Court enter judgment in its favor against Plaintiff as follows:

1. Entering judgment in favor of Ox Car and against Plaintiff, with respect to all causes of action in the Complaint;

2. Dismissing the Complaint in its entirety with prejudice, including dismissal for lack of personal jurisdiction, improper venue, and inconvenient forum;

3. Awarding to Ox Car the costs and expenses of this action, including attorney's fees; and

4. Granting Ox Car such other and further relief as the Court may deem just and proper.

Dated: December 30, 2020                Respectfully submitted,

*/s/ Darin M. Klemchuk*
Darin M. Klemchuk
Texas Bar No. 24002418
darin.klemchuk@klemchuk.com
Mandi Phillips
Texas Bar No. 24036117
mandi.phillips@klemchuk.com
Christian Cowart
Texas Bar No. 24105748
christian.cowart@klemchuk.com
KLEMCHUK LLP
8150 N. Central Expressway
10th Floor
Dallas, Texas 75206
Tel: 214-367-6000
Fax: 214-367-6001

**ATTORNEYS FOR DEFENDANT**
**OX CAR CARE, INC.**

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on December 30, 2020, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per the Northern District Local Rules.

*/s/ Darin M. Klemchuk*
Darin M. Klemchuk
