**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **Jennifer Green,**  Plaintiff, <br><br> v. <br><br> **Ox Car Care, Inc., and** <br> **VSC Media Group, LLC** <br><br> Defendants. | Case No. 4:20-cv-00708-BJ <br><br><br> Amended Complaint and <br> Demand for Jury Trial |

## AMENDED COMPLAINT

**Jennifer Green** (Plaintiff), by and through his attorneys, Kimmel & Silverman, P.C., alleges the following against **Ox Car Care, Inc.** ("Ox Car") **and VSC Media Group, LLC** ("VSC") (collectively Defendants):

### INTRODUCTION

1.  Plaintiff's Amended Complaint is based on the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227 *et seq*.

### PARTIES

2.  Plaintiff is a natural person residing in Watauga, Texas 76148.

3.  Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4.  Defendant Ox Car is a business entity with headquarters, principal place of business or otherwise valid mailing address located at 18012 Cowan, Suite 100, Irvine, California 92612.

5.  Defendant Ox Car is a "person" as that term is defined by 47 U.S.C. § 153(39).

6. Defendant VSC Media Group, LLC Defendant Ox Car is a business entity with headquarters, principal place of business located at 6434 NW 5th Way, Fort Lauderdale, Florida 33309

7. Defendant VSC is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

9. This Court has subject-matter jurisdiction over this case under 28 U.S.C. §1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States, confirmed as applying to cases under the TCPA by Mims v. Arrow Financial Services, LLC, 565 U.S. 368 (2012).

10. Defendant Ox Car represents that it has covered over one million vehicles through its warranties.

11. Upon information and belief, tens of thousands of those vehicles are registered in the State of Texas.

12. Upon information and belief, Defendant Ox Car has paid warranty claims for tens of thousands of vehicles registered in Texas.

13. Upon information Defendant Ox Car obtains substantial revenue from individuals who reside in Texas.

14. Upon information and belief, Defendant Ox Car advertises and markets in Texas.

15. Upon information and belief, agents, call centers and leader generators place calls on behalf of Ox Car Care to numerous individuals who reside in Texas.

16. Ox Car's agent placed repeated calls to Plaintiff, a resident of Texas, seeking to solicit business from Plaintiff.

17. Defendant VSC is a marketing and data company, which markets to customers in Texas and sells and transmits data of persons in Texas.

18. Upon information and belief, VSC placed calls for the benefit of Ox Car at the direction of Ox Car in order to solicit business for Ox Car.

19. Those calls at issue were directed to Plaintiff, a resident of Texas.

20. This Court has general and specific personal jurisdiction over Defendants.

21. Venue is proper under 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

22. Plaintiff's cell phone number ending in "6111" has been on the Do Not Call Registry since May of 2010.

23. Plaintiff registered her cell phone on the Do Not Call Registry in order to obtain solitude from disruptive and irritating solicitation calls.

24. At all times relevant hereto, Plaintiff used her cell phone for residential purposes.

25. Between December 2019 and March 2020, Defendants placed a series of disruptive and harassing solicitation calls seeking to sell her a car warranty she did not want.

26. In or around December 2019, Plaintiff told Defendants to stop the calls explained her number was on the Do Not Call registry and advised that the calls were unwanted and in violation of her rights.

27. Despite that clear instruction, Defendants placed approximately 20 more calls, which continued until at least March 2020.

28. When contacting Plaintiff on her cellular telephone, Defendants used an automatic and/or pre-recorded messages.

29. Defendants' calls were not made for "emergency purposes" rather the calls were made for solicitation purposes.

30. Once Defendants were informed that its calls were unwanted and that Plaintiff wanted Defendants to stop placing calls to her cellular telephone, their continued calls could have served no lawful purpose other than to harass Plaintiff.

31. Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure.

## COUNT I
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(B)

32. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

33. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

23. Defendants initiated multiple telephone calls to Plaintiff's cellular telephone number using an automatic and/or pre-recorded voice.

23. Defendants' calls were not made for "emergency purposes."

24. Defendants' calls to Plaintiff's cellular telephone without any prior express consent.

25. Defendants contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since May 18, 2010.

26. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

27. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

28. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(C)

29. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

30. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

31. The FCC has ruled that calls to a cell phone registered on the Do Not Call registry are in violation of § 227(c).if the cell phone is used for residential purposes.

32. Plaintiff used her cell phone for residential purposes.

33. Defendants contacted Plaintiff's cell phone despite the fact that Plaintiff has been on the Do Not Call Registry since May 18, 2010.

34. Plaintiff also told Defendants to stop calling her cell phone because it is registered on the Do Not Call trgistry.

35. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

36. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

37. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, JENNIFER GREEN, respectfully prays for a judgment as follows:

    a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A))

    b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

    c. Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(c);

    d. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

    e. Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(c);

  f.  Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c); and

  g.  Any other relief this Honorable Court deems appropriate.

### Demand for Jury Trial

**Please take notice** that Plaintiff, **JENNIFER GREEN**, demands a jury trial in this case.

              Respectfully submitted,

Dated: 05/06/2020        By: *s/ Amy L. B. Ginsburg*
                 Amy L. B. Ginsburg, Esq.
                 Jacob U. Ginsburg, Esq.
                 Kimmel & Silverman, P.C.
                 30 East Butler Pike
                 Ambler, PA 19002
                 Phone: 215-540-8888
                 Facsimile: 877-788-2864
                 Email: aginsburg@creditlaw.com
                 jginsburg@creditlaw.com
                 teamkimmel@creditlaw.com